UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS HORN #288565,

    Petitioner,

v.                                              Case No. 2:07-cv-118
                                               HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Louis Horn filed an amended petition for writ of habeas corpus challenging the denial of parole. Petitioner is presently incarcerated at the Marquette Branch Prison (MBP) and is serving a 2 to 15 year sentence as a result of November 2, 2001, convictions for OUIL causing death and failure to stop at the scene of a personal injury accident.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434,

436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the undersigned recommends that petitioner's application for habeas corpus be denied.

Petitioner claims that he has been interviewed by the Michigan Parole Board six times during his incarceration and that he has been denied parole each time. Petitioner states that he had a history of alcohol abuse leading up to his convictions, but that he has completed extensive substance abuse treatment since that time. Petitioner asserts that the Parole Board has disregarded his treatment programs, as well as his six year participation in Alcoholics Anonymous (AA). Petitioner states that he has always been considered to be at a "HIGH PROBABILITY" for parole and that the Parole Board has failed to give substantial and compelling reasons for departing from the guidelines other than a brief description of Petitioner's alcohol abuse history. Petitioner claims that the Parole Board is discriminating against him because of his history of alcohol abuse.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). However, as noted by Petitioner, a prisoner no longer has an ability to appeal a parole denial under state law. The former version of MCL 791.234(8) provided that the grant or denial of parole by the Michigan Parole Board could be appealed to the circuit court by the prisoner, prosecutor or victim. *See* MCL 791.234(8) (West. 1999). The new version eliminated the ability of a prisoner to appeal a parole denial, and provides only that a grant of release on parole may be appealed by the prosecutor or the victim. *See* MCL 791.234(9) (as amended by 1999 Mich. Pub. Acts 191). The legislation was approved on November 24, 1999. Following the lead of the Michigan Legislature, the Michigan Supreme Court amended Michigan Court Rule 7.104, effective March 10, 2000, eliminating the provisions regarding the methods by which a prisoner could appeal a parole

denial. *See* M.C.R. 7.104(D)(1), (2)(a). Consequently, because state law prohibits a prisoner from appealing a parole denial, Petitioner has no available state court remedy in which to exhaust his claims.

Petitioner contends that the actions of the Parole Board violated his right to procedural due process. Petitioner states that he should have at least been given a written explanation of the reasons for the denial of parole. However, Petitioner's due process claim fails because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and, thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995); *see also Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000)("Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole"). In unpublished decisions, the Sixth Circuit also has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997

WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995), *cert. denied*, 522 U.S. 1057 (1998); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Further, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 460 Mich 511, 521, 596 N.W.2d 598, 603-604 (Mich. 1999). Thus, Petitioner did not even have a due process right to a written explanation for the denial of his parole.

    This result is unchanged even when state law required the Parole Board to provide substantial and compelling reasons for denying his release on parole. In *Greenholtz*, 442 U.S. at 8, the Supreme Court specifically stated that a state's statutory scheme "may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." There is no prescribed combination of facts which would mandate release on parole, and, thus, whether a statute creates a protectible entitlement is decided on a case-by-case basis. *Id.* at 8, 12. "That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained." *Id.* at 11. As stated by the Sixth Circuit, "[s]o long as the parole discretion is broad . . . the State has not created a constitutionally protected liberty interest by enacting procedural rules." *Sweeton*, 27 F.3d at 1165 (quotation omitted).

    Michigan's parole guidelines are nothing more than procedural rules to assist in the parole decision, with the ultimate authority on the determination of parole release retained solely by

the Parole Board. The expectation of parole remains a mere hope in Michigan, as the parole guidelines have not eliminated nor restrained the Board's broad discretion. The statutory scheme still provides, as it did at the time the Sixth Circuit decided *Sweeton*, that the release of a prisoner on parole shall be granted solely upon the initiative of the Parole Board. *See* MICH. COMP. LAWS § 791.235(1); *Sweeton*, 27 F.3d at 1164 n.1.

Furthermore, the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." As stated by the Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the Parole Board. *See Sweeton*, 27 F.3d at 1164 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of factors to be taken into account by the board.") Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the Board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate determination of parole release with the Parole Board. In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the Parole Board, a prisoner had no protectible interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dahlman*, No. 90-3459,

1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest). Because Petitioner has no liberty interest at stake, his due process claim fails.

Petitioner also appears to be claiming that he is being discriminated against because of his history of alcohol abuse. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST., amend XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause does not forbid all classifications, but simply prevents governmental decision makers from treating differently persons who are similarly situated in all relevant respects. *Cleburne*, 473 U.S. at 439; *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (the Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally."). Petitioner in this case has not alleged any facts showing that he was treated differently than other similarly situated persons. Therefore, the undersigned recommends dismissal of Petitioner's equal protection claims.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of

petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of this action was debatable or wrong because petitioner has no

constitutional right to parole, so that the denial of such does not satisfy 28 U.S.C. § 2253(c)(2). Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2007