UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LOUIS HORN #288565,

    Petitioner,

v.                                              Case No. 2:07-cv-118
                                                  HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AS MODIFIED**

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on October 31, 2007. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        Petitioner claims that the Magistrate Judge failed to address his discrimination claim under the Americans with Disabilities Act (ADA). Title II of the ADA provides: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To make out a prima facie case under Title II of the ADA, an individual must establish that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely

because of his disability. *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir.2003). Therefore, in the instant case, in order to state a claim under the ADA, Petitioner must show that he is a "qualified person," that his history of substance abuse is a "disability," that parole is a "service, program, or activity" of the state, and that he is being denied parole solely on the basis of his disability.

Here, even if Petitioner could show that he is handicapped within the meaning of the ADA, his complaint contains no allegations that the parole board discriminated against him solely because of his handicap. *Id.*; *see also Lee v. Michigan Parole Board*, No. 03-1775, 2004 WL 1532563, at *1 (6th Cir. June 23, 2004). Moreover, the ADA does not categorically bar a state parole board from considering an inmate's disability in making an individualized assessment of the future dangerousness of the inmate. *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). Without question, the parole board has a legitimate penological interest in considering a prisoner's alcohol abuse history during an individualized inquiry for parole suitability. *Id.* Accordingly, the court concludes that Petitioner's ADA claim is without merit.

Petitioner also claims that the Magistrate Judge erred in recommending dismissal of his Fourteenth Amendment claim that he is being denied the ability to petition the parole board. However, Petitioner's Fourteenth Amendment claim fails because he has no liberty interest in being released on parole. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1158 (1995); *see also Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000)("Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole").

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as modified by the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the

Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons set forth in detail above, the Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.


Dated:       11/27/07                              */s/ R. Allan Edgar*
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE